# Supreme Court of Texas

No. 21-0194

The Texas Education Agency; Mike Morath, Commissioner of Education in His Official Capacity; and Doris Delaney, in her Official Capacity,

*Petitioners*,

v.

Houston Independent School District,

*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

**Argued October 6, 2022**

JUSTICE BLAND delivered the opinion of the Court.

When a school district fails to meet statewide expectations designed to ensure the effective education of Texas schoolchildren, the Education Code authorizes the Texas Education Agency Commissioner to assist in improving the district's performance through a variety of remedial measures. This appeal from a temporary injunction concerns the circumstances under which the Commissioner may supervise the

Houston Independent School District, either through a conservator or a board of managers.

In granting a temporary injunction in favor of the District, the trial court found that the District made a sufficient showing that the Commissioner's planned actions to address the District's performance failures were ultra vires—outside the lawful authority the Education Code grants him. The trial court prohibited the Commissioner and his appointed conservator from continuing to supervise the school district pending a final trial. The court of appeals affirmed, with one justice dissenting.[1] The Commissioner petitioned our Court for review.

Ultra vires suits, like the District's in this case, do not address past conduct. Rather, such suits are available to require a government actor to comply with the law in the future. While the Commissioner's petition for review to this Court was pending, the 87th Legislature rewrote the Education Code sections that govern the parties' dispute, and these amended provisions became law.

Given that the remedy an ultra vires suit seeks is prospective compliance with the law, we evaluate the appropriateness of the trial court's injunction under the new law. Applying that law, we hold that the District failed to demonstrate that the Commissioner and his conservator's planned conduct violates the law. Thus, the District is not entitled to injunctive relief. We remand the case to the trial court, however, to permit the parties to fully develop the record in light of intervening legal and factual changes. Accordingly, we reverse the court

---

[1] ___ S.W.3d ___, 2020 WL 7757365 (Tex. App.—Austin Dec. 30, 2020).

of appeals' judgment, vacate the temporary injunction, and remand the case to the trial court for further proceedings consistent with this opinion.

## I

### A

The events giving rise to the Agency's remedial oversight of the District began with two failing high schools and disarray among the District's then-governing board of trustees. In September 2016, the Commissioner named Dr. Doris Delaney as "a conservator to the [District] to ensure and oversee district-level support for Kashmere High School." The Commissioner identified the reason: Kashmere's unacceptable academic accountability ratings for every year save one since 2009. The Commissioner tasked Delaney—a Kashmere High School graduate herself—to oversee a needs assessment for Kashmere, evaluate the District's resource allocation to Kashmere, and supervise Kashmere's instructional delivery. About a year later, the Commissioner rejected a turnaround plan for the school and continued Delaney's appointment.

Meanwhile, the District began a search for a new superintendent. Deep divisions among board members about the process for conducting the search emerged. At an October 2018 board meeting, a trustee moved to replace the interim superintendent, kicking off a heated public exchange between board members, including accusations of corruption of the search process by other board members and violations of the Open Meetings Act.

In March 2019, the Commissioner notified the District that Delaney's role as a conservator would include "overseeing the governance of the district." The same day, Delaney issued a directive ordering the District to suspend its superintendent search.

Kashmere High School received an acceptable performance rating in 2019. Delaney remained a conservator at the District at least through the 2019–2020 school year.

While the District grappled with the superintendent search and challenges at Kashmere High School, it also struggled to achieve acceptable performance at Wheatley High School. Wheatley's preliminary rating for 2019 was unacceptable. The Commissioner warned the District that a final unacceptable rating would require him "to order either campus closure or the appointment of a board [of] managers." A transitional intervention statute authorized these consequences for a campus that received unacceptable performance ratings for five consecutive years, if they included "the 2016–2017 and 2017–2018 school years."[2] Neither Wheatley nor any other District

---

[2] Act of May 18, 2017, 85th Leg., R.S., ch. 324, § 21.001, sec. 39A.906, 2017 Tex. Gen. Laws 840, 922–23 (expired Sept. 1, 2020). The transitional intervention statute provided:

(a) For a campus that received an unacceptable performance rating for the 2013–2014, 2014–2015, and 2015–2016 school years, the commissioner may apply the interventions and sanctions authorized by Chapter 39 as that chapter existed on January 1, 2015, to the campus.

(b) If a campus described by Subsection (a) receives an unacceptable performance rating for the 2016–2017 and 2017–2018 school years, the commissioner shall apply the

4

school received a rating in 2018, however, due to Hurricane Harvey. The Commissioner nevertheless informed the District that, in his view, Wheatley's 2019 unacceptable rating, coupled with more than five years of unacceptable academic ratings before 2018, satisfied the statute.

In the aftermath of the October 2018 board meeting, the Agency began to receive complaints that the District was "not in compliance with the laws relating to governance of an Independent School District," in particular, the Open Meetings Act.[3] In response, the Commissioner opened a special accreditation investigation.

In August 2019, the Special Investigations Unit issued its preliminary report. It found that the District's board of trustees had failed to comply with the Open Meetings Act, exceeded the scope of its authority, and violated contract procurement rules. As a result, the report recommended that the Commissioner lower the District's accreditation level, appoint a conservator, and install a board of managers to replace the then-serving board of trustees.

The District disagreed with much of the preliminary report, and it requested an informal review under then-existing Education Code Section 39.058(b).[4] After considering the District's objections, the

---

interventions and sanctions authorized by Section 39A.111 to the campus.

[3] Tex. Gov't Code §§ 551.001–.146.

[4] At the time, the Education Code provided: "Before issuing a report with its final findings, the agency must provide a person or entity the agency finds has violated a law, rule, or policy an opportunity for an informal review by the commissioner or a designated hearing examiner." Act of May 31, 2015, 84th Leg., R.S., ch. 1046, § 8, sec. 39.058(b), 2015 Tex. Gen. Laws 3649, 3655 (amended 2021) (current version at Tex. Educ. Code § 39.004(h)).

Agency issued its final report, largely approving the recommendations of the preliminary report. The final report stated: "Pursuant to a delegation from the Commissioner of Education, Dr. Jeff Cottrill, Deputy Commissioner of Governance and Accountability completed the informal review and approved this final report on October 30, 2019."

Based on the investigation's results, the Commissioner notified the District in November 2019 that the Agency planned to lower the District's accreditation status to "Accredited-Warned," and to appoint a board of managers for the District.

Shortly after the Commissioner warned of this plan, the District filed suit and obtained this temporary injunction, stopping the Commissioner's planned actions from taking place. Voters since have elected several new board members, and the District has named a permanent superintendent.

**B**

This suit began as part of the District's opposition to the Commissioner's planned measures to redress the District's performance issues. The District filed its original petition in Travis County, seeking a temporary injunction barring the Commissioner "from taking any regulatory actions" against the District based on the accreditation investigation.[5] The District alleged that the Education Code did not authorize the Commissioner's planned remedial measures.

---

[5] Based on the District's federal First Amendment claim, the Commissioner removed the case to federal court. The federal district court denied the District's application for a preliminary injunction, dismissed the District's federal claims with prejudice, and remanded its remaining claims to state court, where these proceedings continued.

6

In response, the Commissioner filed a jurisdictional plea, arguing that the Education Code authorized the Agency to lower the District's accreditation and appoint a board of managers for three reasons: (1) Delaney's service as a conservator for more than two consecutive school years;[6] (2) the findings of the accreditation investigation;[7] and (3) Wheatley's seventh consecutive unacceptable performance rating, notwithstanding the lack of a rating for 2018.[8]

The trial court did not rule on the plea to the jurisdiction. Instead, in January 2020, it temporarily enjoined (1) Delaney from "acting outside her lawful authority to ensure and oversee district-level support to low-performing campuses and the implementation of the updated targeted improvement plan," and (2) the Commissioner from appointing a board of managers or imposing other sanctions or interventions based on the results of the accreditation investigation. The Commissioner appealed, and the court of appeals issued temporary relief leaving the

---

[6] Prior to 2021, Education Code Section 39A.006(b) authorized the Commissioner to appoint a board of managers if "a school district has had a conservator or management team assigned" for two consecutive years. Act of May 18, 2017, 85th Leg., R.S., ch. 324, § 21.001, sec. 39A.006, 2017 Tex. Gen. Laws 840, 909, *amended by* Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.12.

[7] The Commissioner cited Education Code Section 39.057(d), which was transferred to Section 39.003(d) in 2021. Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.04, sec. 39.003.

[8] The Commissioner cited a transitional intervention provision that has since expired. Act of May 18, 2017, 85th Leg., R.S., ch. 324, § 21.001, sec. 39A.906, 2017 Tex. Gen. Laws 840, 922–23 (expired Sept. 1, 2020).

injunction in place, eventually triggering a mandamus petition and culminating in our decision in *In re Texas Education Agency*.[9]

A divided court of appeals affirmed.[10] Based on its reading of then-existing Education Code provisions, the court of appeals held that the Code limited Delaney's authority as a conservator to supervision of low-performing campuses.[11] Delaney consequently lacked district-level conservatorship authority, which the court of appeals held Section 39A.002 required for district-level governance decisions like the District's superintendent search.[12] While appointment of a district-level conservator could serve as a precursor to the appointment of a board of managers, in the court of appeals' view, the appointment of a campus-level conservator did not.[13] Further, the Commissioner was not authorized to appoint a board of managers, despite years of unacceptable performance ratings at Wheatley High School, because Wheatley received no rating for the 2017–2018 school year and the

---

[9] 619 S.W.3d 679 (Tex. 2021). Ordinarily, the State is not required to supersede a trial court judgment or order to prevent its execution during the State's appeal. *See* Tex. Civ. Prac. & Rem. Code § 6.001; Tex. R. App. P. 29.1(b). In *In re Texas Education Agency*, we upheld the court of appeals' authority to grant temporary relief while it considers the case. 619 S.W.3d at 689–90. After the court of appeals issued its decision affirming the trial court's injunction, neither party sought relief from this Court to either continue or vacate the court of appeals' temporary relief.

[10] 2020 WL 7757365, at *9.

[11] *Id.* at *3 (citing Tex. Educ. Code § 39A.101 and § 39A.102 (amended 2021)).

[12] *Id.*

[13] *Id.* at *5 (citing Tex. Educ. Code § 39A.006 (amended 2021)).

transitional intervention provision in the Education Code required an unacceptable performance for that specific school year.[14]

As to the accreditation investigation, the court of appeals held that Cottrill lacked authority to review the District's objections to the preliminary report. He was neither the "commissioner [n]or a designated hearing examiner," as the court concluded Education Code Section 39.058(b) required.[15] Finally, the court of appeals held, while Section 39.057(d) authorized the Commissioner to take "appropriate action under Chapter 39A," that chapter did not permit the Commissioner to appoint a board of managers absent specific district-wide failures under Section 39A.004.[16]

---

[14] *Id.* The transitional intervention provision expired on September 1, 2020. Act of May 18, 2017, 85th Leg., R.S., ch. 324, § 21.001, sec. 39A.906, 2017 Tex. Gen. Laws 840, 922–23 ("If a campus . . . receives an unacceptable performance rating for the 2016–2017 and 2017–2018 school years, the commissioner shall apply the interventions and sanctions authorized by Section 39A.111 to the campus.").

[15] 2020 WL 7757365, at *6 (citing Act of May 31, 2015, 84th Leg., R.S., ch. 1046, § 8, sec. 39.058, 2015 Tex. Gen. Laws 3649, 3655 (amended 2021) (current version at Tex. Educ. Code § 39.004(h)) ("Before issuing a report with its final findings, the agency must provide a person or entity the agency finds has violated a law, rule, or policy an opportunity for an informal review by the commissioner or a designated hearing examiner.")).

[16] *Id.* Prior to 2021, Section 39A.004 provided that the Commissioner may appoint a board of managers if the district "(1) has a current accreditation status of accredited-warned or accredited-probation; (2) fails to satisfy any standard under Section 39.054(e); or (3) fails to satisfy financial accountability standards as determined by commissioner rule." Act of May 18, 2017, 85th Leg., R.S., ch. 324, § 21.001, sec. 39A.004, 2017 Tex. Gen. Laws 840, 908, *amended by* Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.11.

The dissenting justice would have held that the Education Code as it existed at the time supported the Commissioner's actions.[17] The dissent rejected the majority's dichotomy between campus- and district-level conservators, observing that the Commissioner had clarified that Delaney's role included district-level supervision during her appointment.[18] Further, the investigation supported the imposition of a board of managers. Education Code Section 39.057(d)(3)[19] authorized the Commissioner to lower the District's accreditation status based on the investigation's results, and lowering a district's accreditation satisfied the predicate for appointing a board of managers.[20] Finally, the dissent dismissed the District's objections to Cottrill's review of the investigation, concluding that the Commissioner had delegated that task to him, and the Education Code permitted such a delegation.[21]

## C

After the court of appeals issued its decision, Senate Bill 1365 substantially changed the statutes that govern this case. One change answered a central question in this appeal, making it plain that

---

[17] 2020 WL 7757365, at *9 (Baker, J., dissenting).

[18] *Id.* at *11–12.

[19] Section 39.057 was amended and transferred to Section 39.003. Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.04.

[20] 2020 WL 7757365, at *10 (citing Tex. Educ. Code § 39A.004 (amended 2021)).

[21] *Id.*

conservators may exercise coextensive powers and duties, whether initially appointed to oversee a school campus or a district as a whole:

> A conservator or management team may exercise the powers and duties defined by the commissioner under Subsection (a) or described by Subsection (c) regardless of whether the conservator or management team was appointed to oversee the operations of a school district in its entirety or the operations of a certain campus within the district.[22]

Further, either kind of conservator appointed for two consecutive years is a sufficient prerequisite for appointing a board of managers:

> (a) This section applies:
>
> (1) regardless of whether a school district has satisfied the accreditation criteria; and
>
> (2) to a conservator or management team appointed under any provision of this title, regardless of the scope or any changes to the scope of the conservator's or team's oversight.
>
> (b) If for two consecutive school years, including the current school year, a school district has had a conservator or management team assigned to the district or a district campus for any reason under this title, the commissioner may appoint a board of managers to exercise the powers and duties of the board of trustees of the district.[23]

The Legislature applied these changes "to a conservator or management team assigned to a school district before, on, or after the effective date of this Act."[24]

---

[22] Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.10 (codified at Tex. Educ. Code § 39A.003(d)).

[23] *Id.* § 2.12 (codified at Tex. Educ. Code § 39A.006).

[24] *Id.* § 2.25(b).

11

The Legislature also addressed Agency investigations of school districts, creating new procedures for conducting them and for reviewing their recommendations.[25] Should investigators recommend that the Commissioner appoint a board of managers, institute alternative management for a campus, or close a school campus or district, then the district may request a contested-case hearing through the State Office of Administrative Hearings, with a final review by the Commissioner:

> (a) This section applies to a school district that is the subject of a special investigation conducted under Section 39.003 that resulted in a final report in which the agency recommends the appointment of a board of managers, alternative management of a campus, or closure of the district or a district campus.

> (b) Except as provided by Subsection (c), not later than 15 days after the date on which the board of trustees of the school district receives the final report of a special investigation under Section 39.004(g), a board of trustees of a school district to which this section applies may request a hearing if the board of trustees disagrees with the final report or a sanction or intervention recommended by the agency in the report.

> . . .

> (d) If a board of trustees of a school district requests a hearing under Subsection (b), the hearing shall be conducted by the State Office of Administrative Hearings unless the district and the agency agree in writing to the appointment of another qualified person to conduct the hearing.

---

[25] *Id.* §§ 2.04–.05 (codified at Tex. Educ. Code §§ 39.003–.007).

12

(e) Except as otherwise provided by this subchapter, a hearing conducted under this section is a contested case under Chapter 2001, Government Code.[26]

If investigators recommend less severe measures, then a district may seek an informal review by the Commissioner or a designee:

Before the commissioner determines to order a sanction or intervention based on a final report, other than a sanction or intervention described by Section 39.005, the commissioner or the commissioner's designee shall provide an informal review. An informal review provided under this section is not a contested case for purposes of Chapter 2001, Government Code.[27]

These amendments further clarify that the Commissioner may delegate review authority to agency staff: "Notwithstanding any other law, the commissioner's power to delegate ministerial and executive functions under Subsection (b)(5) is a valid delegation of authority."[28] The changes to the investigation process, however, apply only to pending and future investigations, not those finalized before September 1, 2021.[29]

---

[26] *Id.* § 2.05 (codified at Tex. Educ. Code § 39.005).

[27] *Id.* § 2.04 (codified at Tex. Educ. Code § 39.004(h)).

[28] *Id.* § 1.01 (codified at Tex. Educ. Code § 7.055(d)). Subsection (b)(5) provides that the "commissioner may delegate ministerial and executive functions to agency staff and may employ division heads and any other employees and clerks to perform the duties of the agency." Tex. Educ. Code § 7.055(b)(5).

[29] Act of May 29, 2021, 87th Leg., R.S., Ch. 1046, § 2.25(a) ("[The amendments] apply to a special investigation authorized, initiated, opened, or finalized on or after the effective date of this Act. A special investigation authorized or initiated by the Texas Education Agency under Section 39.057, Education Code, before the effective date of this Act that is open and not

Finally, with respect to Wheatley High School, the amendments authorize the Commissioner to appoint a board of managers when "a campus is considered to have an unacceptable performance rating for five consecutive school years,"[30] and a year in which there is no rating is "not included in calculating consecutive school years of unacceptable performance ratings and is not considered a break in consecutive school years of unacceptable performance ratings."[31]

In sum, the Legislature abrogated much of the court of appeals' interpretation of the Education Code provisions that govern this case.

## II

### A

An ultra vires suit, like the one the District pleads, "seeks to bring government officials into compliance with statutory or constitutional provisions."[32] Only prospective relief is available.[33] Ultra vires suits "do not attempt to exert control over the state"—instead, they claim that state actors have planned conduct that is unlawful.[34] Ultra vires relief

---

finalized on the effective date of this Act, shall be continued as if authorized by [the amendments] and proceed subject to [them].").

[30] *Id.* § 2.18 (codified at Tex. Educ. Code § 39A.111).

[31] *Id.* § 2.06 (codified at Tex. Educ. Code § 39.054(a-5)).

[32] *Chambers-Liberty Cntys. Nav. Dist. v. State*, 575 S.W.3d 339, 348 (Tex. 2019) (permitting claims against navigation district's commissioners to proceed, where the State alleged that the commissioners acted ultra vires in entering commercial oyster lease).

[33] *Id.*

[34] *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (permitting prospective declaratory and injunctive relief claims regarding

14

thus does not alter government policy but enforces existing law.[35] A party has no vested right to secure an official's future compliance with a law no longer in effect. Accordingly, the District must demonstrate that the Commissioner's actions it challenges are unlawful under current law.

We examine each aspect of the trial court's injunction for an abuse of discretion.[36] A trial court has no discretion to misapply the law, however, and thus we review its legal determinations de novo, based on current law.[37] To obtain a temporary injunction, an applicant must prove: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim."[38]

**B**

The first part of the temporary injunction confines Delaney's authority to district-level support for low-performing campuses. The District does not challenge the Commissioner's authority to appoint Delaney as a conservator in 2016 to address performance issues at Kashmere High School. Instead, it argues that her continuing appointment as a "campus-level" conservator did not authorize Delaney to exercise more sweeping "district-level" conservator powers. Further,

---

apportionment of survivor benefits to proceed, where widow alleged a reduction in benefits violated state statutes).

[35] *Id.*

[36] *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

[37] *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

[38] *Butnaru*, 84 S.W.3d at 204.

it argues, the Commissioner lacked authority to later expand Delaney's role to a district-level conservator.[39] Thus, the District argues, the trial court properly prohibited Delaney from taking district-level actions similar to her order directing the District to pause its superintendent search. The Commissioner responds that the Education Code's then-existing statutory framework did not support the District's interpretation or the District's proposed limitation on the Commissioner's authority to expand Delaney's role.

Any distinction that may have existed as a basis for the trial court's injunctive relief exists no longer. Under the recent amendments to the Education Code, a conservator "may direct an action to be taken by . . . the board of trustees of the district" "regardless of whether the conservator . . . was appointed to oversee the operations of a school district in its entirety or the operations of a certain campus within the district."[40]

The temporary injunction restricts Delaney's authority to low-performing campuses. Current law grants the Commissioner significantly more latitude in defining Delaney's role. Accordingly, the District has not shown that the Commissioner authorized Delaney to

---

[39] In the District's view, the former law authorized the appointment of a district-level conservator upon a special investigation or if the school district did not satisfy (1) the accreditation criteria under then-Section 39.052, (2) the academic performance standards under then-Sections 39.053 or 39.054, or (3) any financial accountability standard. *See* Act of May 18, 2017, 85th Leg., R.S., ch. 324, § 21.001, sec. 39A.001, 2017 Tex. Gen. Laws 840, 907, *amended by* Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 4.08. Because the special investigation was not complete, the Commissioner had no authority at the time to expand Delaney's role.

[40] Tex. Educ. Code § 39A.003(c)–(d).

engage in ultra vires actions under the new law or that she plans to do so. Without such a showing, there is no probable right to relief and no basis to affirm the trial court's injunction against Delaney.[41]

## C

The second part of the injunction prohibits the Commissioner from appointing a board of managers. Under the current version of the Education Code, the Commissioner may appoint a board of managers in several situations, including:

- Under Section 39A.006, if "for two consecutive school years, including the current school year, a school district has had a conservator or management team assigned to the district or a district campus for any reason under this title," "regardless of whether a school district has satisfied the accreditation criteria";

- Under Section 39A.004(1), "if the district is subject to commissioner action under . . . Section 39A.001(1)" and "(A) has a current accreditation status of accredited-warned or accredited-probation; (B) fails to satisfy any standard under Section 39.054(e); or (C) fails to satisfy financial accountability standards as determined by commissioner rule";

- Under Section 39A.004(2), if "the commissioner considers the action to be appropriate on the basis of a special investigation";[42] and

- Under Section 39A.107(c), if the commissioner "does not approve a campus turnaround plan."

---

[41] *Abbott v. Anti-Defamation League Austin, Sw. & Texoma Regions*, 610 S.W.3d 911, 917 (Tex. 2020) (observing that the lack of a probable right to relief is dispositive of a temporary injunction order).

The District's more specific complaint that Delaney had no authority to pause its search for a superintendent is moot. During the pendency of this appeal, the District elected a replacement superintendent.

[42] Tex. Educ. Code § 39A.001(2).

17

In addition to these, the commissioner *shall* appoint a board of managers or order closure of the campus if "a campus is considered to have an unacceptable performance rating for five consecutive school years."[43]

To show a probable right to relief, the District must demonstrate that not one of these paths was available to the Commissioner. We conclude that the record satisfies at least one. The Commissioner appointed Delaney in 2016. At the time the trial court entered its temporary order, she had served for at least two consecutive years, including the current year.[44]

To counter, the District relies on its argument that Delaney's appointment did not qualify as a prerequisite under the earlier version of Section 39A.006. The question, however, is whether the evidence shows that the Commissioner will act ultra vires under current law. The answer is no, because current law removes any distinction between campus and district conservators for the purpose of appointing a board of managers,[45] and the amendment applies to conservators appointed before the law took effect.[46]

The District also disputes Delaney's continued appointment because it claims the Commissioner did not timely review her

---

[43] *Id.* § 39A.111.

[44] *See id.* § 39A.006 (permitting appointment of a board of managers after a conservator has been assigned to a district or campus for two consecutive years).

[45] Tex. Educ. Code § 39A.003(d).

[46] Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.25(b).

appointment every ninety days.[47] The statute, however, does not provide for the dismissal of a conservator as a consequence of a late or missed review.

Finally, the District observes that Delaney's status at the District after the injunction is undeveloped. We agree. Numerous intervening events, including factual developments and changes to the law, require remand to the trial court to allow the parties to reconsider their positions. However, the District has not demonstrated a probable right to relief on the record as it stands, and thus no basis exists to continue the trial court's temporary injunction against the Commissioner's appointment of a board of managers. Whether the Commissioner intends to do so after evaluating changes in the facts and the law rests with him. The judicial branch does not preliminarily restrain an executive officer absent clear indication that planned future action is unlawful.[48]

## D

The final portion of the temporary injunction forbids the Commissioner from implementing the recommendations of the accreditation investigation, including appointing a board of managers

---

[47] "At least every 90 days, the commissioner shall review the need for the conservator or management team and shall remove the conservator or management team unless the commissioner determines that continued appointment is necessary for effective governance of the school district or delivery of instructional services." Tex. Educ. Code § 39A.003(b).

[48] *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 77–78 (Tex. 2018) (acknowledging that judicial review in an ultra vires suit is limited to whether the government actor's action complies with the authority granted by the Legislature).

and lowering the District's accreditation status. As the District has not shown a probable right to relief to bar appointment of a board of managers based on Delaney's conservatorship, we focus on the Commissioner's authority to lower the District's accreditation.

The Commissioner may "lower the school district's accreditation status" as a result of a special investigation.[49] Under the current law, when a final report "recommends the appointment of a board of managers, alternative management of a campus, or closure of the district or a district campus," a district is entitled to request a contested case hearing conducted by the State Office of Administrative Hearings.[50] After the hearing, the Commissioner "shall provide an opportunity for the agency and the school district to present oral argument to the commissioner," and he must issue written findings of fact and conclusions of law, and state any sanctions or interventions.[51] A school district then may appeal the Commissioner's ruling, though an appeal "does not affect or stay the enforcement of the commissioner's written decision."[52]

In this instance, the new law does not apply. The new procedures govern only those investigations authorized or finalized on or after September 1, 2021.[53] For investigations completed before September 1, 2021, a district's remedy is limited to the presentment of the preliminary

---

[49] Tex. Educ. Code § 39.003(d)(2).

[50] *Id.* § 39.005.

[51] *Id.* § 39.006.

[52] *Id.* § 39.007.

[53] Act of May 29, 2021, 87th Leg., R.S., ch. 1046, § 2.25(a).

findings and "an opportunity for an informal review by the commissioner or a designated hearing examiner."[54] Because the investigation in this case became final before the effective date, the District is limited to the remedies that existed before the law changed. The District challenges the informal review of the investigation on the basis that it was not conducted by the "commissioner or a designated hearing examiner."[55] The Education Code, however, authorized the Commissioner to delegate ministerial and executive functions to the Agency's staff, and the court of appeals erred in concluding that the Commissioner lacked authority to do so.[56] Cottrill's informal review was conducted "[p]ursuant to a delegation from the Commissioner." Accordingly, the District has not shown that it has a probable right to relief on its challenge to the investigation's results. The trial court's injunction prohibiting the Commissioner from acting based on the investigation's recommendations, should he intend to in light of intervening events, cannot be upheld on this record.

\* \* \*

Under the governing law, the District's claims do not support a temporary injunction against the Commissioner of the Texas Education Agency and his appointed conservator. We therefore reverse the court of appeals' judgment, vacate the temporary injunction, and direct the trial

---

[54] Act of May 31, 2015, 84th Leg., R.S., ch. 1046, § 8, sec. 39.058(b), 2015 Tex. Gen. Laws 3649, 3655 (amended 2021) (current version at Tex. Educ. Code § 39.004(h)).

[55] *Id.*

[56] *See* Act of May 27, 1995, 74th Leg., R.S., ch. 206, § 1, sec. 7.055(a)(5), 1995 Tex. Gen. Laws 2207, 2212 (codified at Tex. Educ. Code § 7.055(b)(5)).

21

court to consider the Commissioner's plea to the jurisdiction. We expect the parties to reconsider their positions and supplement the record in light of changes in the law and factual developments within the District. We remand the case to the trial court for further proceedings consistent with this opinion.

                                                     _____

                                                     Jane N. Bland
                                                     Justice

**OPINION DELIVERED:** January 13, 2023